

**FILED & ENTERED**

OCT 19 2021

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** jle      **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Glen Foote<br><br><br>Debtor(s). | Case No.: 8:21-bk-11817-MW<br><br>CHAPTER 7<br><br>**ORDER DENYING EMERGENCY EX PARTE MOTION FOR STAY PENDING APPEAL**<br><br>[Related to Docket No. 38] |

    Chapter 7 debtor Glen A. Foote ("Mr. Foote") moves for a stay pending appeal of this Court's order granting relief from the automatic stay in favor of HMC Assets, LLC, solely in its capacity as separate trustee of CAM XI Trust, its successors and assigns ("HMC") (the "Emergency Stay Motion"). HMC sought relief from the automatic stay so that it can foreclose a deed of trust on real property located at 2323 Almira Avenue, Fullerton, California (the "Subject Property").

    The main bankruptcy case in which HMC sought relief from the automatic stay against Mr. Foote is one of the most abusive bankruptcy cases this Court has ever encountered. It was represented to the Court by HMC's counsel that no payments have been made on the underlying promissory note secured by the deed of trust on the

Subject Property in more than ten years. 156 payments have come due that were not made, totaling $510,218.76. Since 2009, 18 separate bankruptcy cases have been filed in which the automatic stay prevented HMC or its predecessors from exercising remedies under the deed of trust on the Subject Property. The current bankruptcy case is the latest of these 18 cases, beginning in 2009, all of which have been part of a scheme to hinder, delay and defraud secured creditors holding the deed of trust on the Subject Property.

There is no likelihood that Mr. Foote will be able to prevail on the merits of the appeal. Granting the stay would do harm to the public interest because it would be lending the Court's authority, support and weight to the continuation of an illegal scheme to prevent secured creditors from exercising their just remedies that has already been going on for more than ten years. HMC will be harmed if the stay is granted because it will once more be prevented from exercising a remedy to which it is entitled but has been unable to exercise. The damage to Mr. Foote is that he will no longer be able to retain possession of a residence for which he has not made a payment in more than 10 years. Although the loss of a personal residence is always a major blow, Mr. Foote has made no showing that he is unable to obtain a replacement residence. The Court therefore is unable to conclude that the injury to him occasioned by a denial of a stay pending appeal is irreparable.

The Emergency Stay Motion is denied with prejudice.

IT IS SO ORDERED.

###

Date: October 19, 2021

Mark S. Wallace
United States Bankruptcy Judge